IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA,
CLARKSBURG DIVISION

**MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,**
an Oklahoma corporation,

      Plaintiff,

v.

**PATRICK CIOFFI,**
**MOSER ENTERPRISES, LLC**
d/b/a Wiser, a West Virginia limited liability company, and **JOSEPH MOSER**, individually,

      Defendants.

ELECTRONICALLY FILED
Dec 26, 2017
U.S. DISTRICT COURT
Northern District of WV

CIVIL ACTION NO: 1:17-cv-223 (Keeley)

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Mesa Underwriters Specialty Insurance Company ("MUSIC"), by counsel Lee Murray Hall, Sarah A. Walling, and Jenkins Fenstermaker, PLLC, pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, respectfully requests that this Court declare the rights and responsibilities of the parties relative to a contract of insurance issued to Defendant Moser Enterprises, LLC ("Moser Enterprises"). In support of its Complaint, MUSIC states as follows:

### PARTIES

1.    MUSIC is an Oklahoma corporation engaged in the business of insurance and is an excess and surplus lines carrier with policies of insurance issued in the State of West Virginia.

2. Upon information and belief, Defendant Patrick Cioffi ("Cioffi") is or was at all relevant times a resident of Monongalia County, West Virginia.

3. Moser Enterprises is a West Virginia limited liability company that is authorized to and does do business in West Virginia, with its principal place of business in Morgantown, Monongalia County, West Virginia.

4. Upon information and belief, Defendant Joseph Moser ("Moser") is a resident of Monongalia County, West Virginia who is or was at all relevant times the owner and/or manager of Moser Enterprises.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to enter a declaratory judgment pursuant to 28 U.S.C. § 1332, in that the parties in the Complaint are of diverse citizenship.

6. Upon information and belief, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and attorneys' fees.

7. This Court has jurisdiction to enter a declaratory judgment pursuant to 28 U.S.C. §2201 and 2202 and Federal Rule of Civil Procedure 57.

8. Venue exists in this District pursuant to 28 U.S.C. §1391(a) in that a substantial part of the events or omissions giving rise to this claim occurred within this District.

## FACTS

9. On or about October 3, 2014, MUSIC issued Policy Number MP0037004000250 to Moser Enterprises ("the Policy"). *See* Exhibit A, Bates No. MUSIC000001-000051.

10. The Policy was effective October 3, 2014 to October 3, 2015 with policy limits of $1,000,000 per occurrence, subject to the terms and conditions of the policy. *Id.* at Bates No. MUSIC000005.

11. The Policy's Insuring Agreement stated that MUSIC would "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." *Id*. at Bates No. MUSIC 26.

12. The Policy's Insuring Agreement further stated that MUSIC has "no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." *Id*.

## UNDERLYING COMPLAINT

13. On or about August 16, 2017, Cioffi filed Civil Action No. 17-C-325 in the Circuit Court of Monongalia County, West Virginia ("the Underlying Case"). *See* Exhibit B, Complaint.

14. The Complaint filed in the Underlying Case alleged that Cioffi leased a unit at 4th Street Apartments pursuant to a Lease Agreement by and between Cioffi and Moser Enterprises. *Id.* at ¶7.

15. Upon information and belief, on September 11, 2015, Cioffi engaged in a physical altercation at the 4th Street Apartments with another individual.

16. As Cioffi and the other individual fought, they made contact with a railing on a second story balcony at the 4th Street Apartments. *Id*. at ¶10.

17. The railing gave way, and Cioffi fell from the second story balcony. *Id*.

18. Cioffi allegedly sustained severe injuries as a result of the fall for which he required hospitalization and expects to require future medical treatment. *Id*. at ¶11.

19. The Underlying Complaint alleges that Moser Enterprises and Moser had been advised that the railing was unsafe but nevertheless failed to repair or replace the allegedly unsafe railing, which resulted in Cioffi's injuries. *Id*. at ¶12-14.

20. Cioffi also alleges in the Complaint filed in the Underlying Case that Moser Enterprises and Moser repaired or replaced sections of the railing after Cioffi fell, thereby intentionally destroying evidence that was relevant to the Underlying Case. *Id*. at ¶15-17.

21. Count I of the Complaint filed in the Underlying Case asserts a claim for breach of implied warranty and habitability against Moser Enterprises and Moser arising out of the alleged failure to maintain the premises in a fit and habitable condition and to comply with applicable building codes. *Id*. at ¶18-22.

22. Count II of the Complaint filed in the Underlying Case asserts a negligence claim against Moser Enterprises and Moser based on the alleged breach of a duty owed to Cioffi to exercise reasonable care in the maintenance of the property. *Id*. at ¶23-26.

23. Count III of the Complaint filed in the Underlying Case asserts a claim for gross negligence against Moser Enterprises and Moser on the grounds that their failure to replace the damaged railing despite prior knowledge of the unsafe condition. *Id*. at ¶27-31.

24. Count IV of the Complaint filed in the Underlying Case alleges that Moser Enterprises and Moser intentionally destroyed evidence after they became aware of a potential lawsuit from Cioffi. *Id*. at ¶32-36.

25. Count V of the Complaint seeks punitive damages against Moser Enterprises and Moser. *Id*. at ¶37-40.

## COUNT I
## NO COVERAGE DUE TO LACK OF AN OCCURRENCE

26. The Policy's coverage grant states as follows:

**SECTION I — COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

*1. Insuring Agreement*

> a. *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. WE may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:*
>
> *(1) The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and*
>
> *(2) Our right and duty to defend ends when we have used upon the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.*
>
> *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.*
>
> b. *This insurance applies to "bodily injury" and "property damage" only if:*
>
> *(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory."*

*See* Exhibit A at Bates No. MUSIC000026.

    27.    The Policy includes the following relevant definitions:

> 3.    *"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.*
>
> . . .
>
> 13.    *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*
>
> . . .
>
> 17.    *"Property damage" means:*
>
>> a.    *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*
>>
>> b.    *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that has caused it.*

5

*Id*. at Bates No. MUSIC000038-000041.

28. Count I of the Complaint filed in the Underlying Case does not allege "bodily injury" or "property damage" as defined by the Policy.

29. Count IV of the Complaint does not allege an "occurrence" as defined by the Policy because it does not allege an accident.

30. Accordingly, the Policy does not provide coverage for this claim.

## COUNT II
## NO COVERAGE UNDER THE ASSAULT AND BATTERY EXCLUSION

31. The Policy includes an Assault or Battery Exclusion, which reads as follows:

*ASSAULT OR BATTERY EXCLUSION*

*This endorsement modifies insurance provided under the following:*

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

*Assault or Battery Exclusion - Excluded Location Schedule*

| *If no locations are specified below, the Assault or Battery Exclusion applies to <u>ALL</u> locations* ||
|---|---|
| *Loc. #* | *Address* |
|  |  |
|  |  |
|  |  |

I. *This insurance does not apply to locations specified in the above Schedule for "bodily injury", "property damage", "personal and advertising injury", or medical payments under Coverage C, caused by, arising out of, resulting from, or in any way related to an "assault" or "battery" when that "assault" or "battery" is caused by, arising out of, or results from, in whole or in part from:*

   A. *The direct or indirect instigation, instruction or direction, by you, your employees, patrons or any other persons, or*

   B. *The failure to provide a safe environment including but not limited to the failure to provide adequate security, or to warn of the dangers of the environment, or*

6

C.  The negligent employment, investigation, supervision, hiring, training or retention of any person, or

D.  Negligent, reckless, or wanton conduct by you, your employees, patrons or any other persons, or

E.  The use of force, whether excessive or not, to protect persons or property whether or not the "bodily injury", "property damage", or "personal and advertising injury" was intended from the standpoint of the insured or committed by or at the direction of any insured; or

F.  The failure to render or secure medical treatment or care necessitated by any "assault" or "battery".

This exclusion applies to all locations if the above Excluded Location Schedule is left blank.  Further, this exclusion also applies to all locations specified in the Limited Assault or Battery Coverage endorsement if also attached to the policy.

II.  For the purpose of this endorsement only, Exclusion **a. Expected Or Intended Injury, part of SECTION I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, is deleted and replaced by:

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

III.  For the purpose of this endorsement only, the following definitions are added to **SECTION V – DEFINITIONS**

A.  "Assault" means any intentional act, or attempted act or threat to inflict injury to another including any conduct that would reasonably place another in apprehension of injury, including but not limited to physical injury, sexual abuse or harassment, intimidation, verbal abuse, and any threatened harmful or offensive contact between two or more persons.

B.  "Battery" means the intentional or reckless use of force including a physical altercation or dispute between persons, or offensive touching or sexual molestation against another, resulting in injury whether or not the actual injury inflicted is intended or expected.  The use of force includes, but is not limited to the use of a weapon.

All other terms and conditions of this policy remain unchanged.

*See* Exhibit A at Bates No. MUSIC0000007-000008.

32. The Policy's Declarations Page lists 300 Beechurst Avenue, Morgantown, West Virginia 26505 as the only location of premises owned, rented, or occupied by Moser Enterprises.

33. The incident described in the Underlying Case occurred at 300 Beechurst Avenue, Morgantown, West Virginia 26505.

34. Based on a videotape of the altercation that led to Cioffi's injuries, Cioffi and another individual were engaged in a physical altercation or dispute.

35. Further, Cioffi and the other individual intended to inflict injury upon one another.

36. Accordingly, Cioffi's alleged bodily injury arose out of an "assault" or "battery" as defined by the Policy.

37. The Assault or Battery Exclusion applies to exclude coverage for injuries and/or damages arising out of the alleged direct or indirect instigation by Moser, its employees, patrons or any other persons.

38. The Assault or Battery Exclusion applies to exclude coverage for injuries and/or damages arising out of the alleged failure to provide a safe environment.

39. The Assault or Battery Exclusion applies to exclude coverage for injuries and/or damages arising out of allegedly negligent, reckless, or wanton conduct by Moser Enterprises, its employees, patrons or any other persons.

40. The Assault and Battery Exclusion therefore precludes coverage for Cioffi's claims against Moser Enterprises and Moser.

## COUNT III
## NO COVERAGE FOR INTENTIONAL ACTS

41. The Policy also included the Expected or Intended Injury Exclusion, which reads as follows:

*SECTION I – COVERAGES*

*COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

*. . .*

*2. Exclusions*

*This insurance does not apply to:*

*a. Expected or Intended Injury*

*"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

See Exhibit A at Bates No. MUSIC000027.

42.     Cioffi's intentional spoliation claim alleges that Moser Enterprises and/or Moser, "despite actual or constructive knowledge of a potential cause of action . . . intentionally destroyed or failed to preserve the railing that failed[.]"  See Exhibit B at ¶34.

43.     The intentional spoliation claim alleges expected or intended damage and/or injury, which is excluded from coverage under the Policy.

## COUNT IV
## NO COVERAGE FOR PUNITIVE DAMAGES

44.     The Policy also contains the **"COMBINED PROVISIONS ENDORSEMENT"** which reads as follows:

*THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.*

*PUNITIVE DAMAGES EXCLUSION*

*This endorsement modifies insurance provided under the following:*

*COMMERCIAL GENERAL LIABILITY COVERAGE FORM*
*OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM*
*COMMERCIAL PROFESSIONAL LIABILITY COVERAGE FORM*
*GARAGE COVERAGE PART*

> *This insurance does not apply to any fines, penalties, punitive damages, exemplary damages, treble damages or the multiplication of compensatory damages.*
>
> *All other terms and conditions of this policy remain unchanged.*

*See* Exhibit A at Bates No. MUSIC000021.

45. Count V of the Complaint filed by Cioffi in the Underlying Case seeks punitive damages from Moser Enterprises and/or Moser. *See* Exhibit B, ¶37-40.

46. There is no coverage under the Policy for any punitive damages claims that may be awarded against Moser Enterprises and/or Moser.

WHEREFORE, Mesa Underwriters Specialty Insurance Company respectfully requests the following relief:

1. That this Court declare, based on the language in the Policy, that the claims asserted by Patrick Cioffi against Moser Enterprises, LLC, Joseph Moser, or any other individual and/or entity are not covered by the Policy;

2. That this Court declare, based on the language in the Policy, that Mesa Underwriters Specialty Insurance Company has no duty to defend Moser Enterprises, LLC and/or Joseph Moser in the Underlying Case;

3. That this Court declare, based on the language in the Policy, that Mesa Underwriters Specialty Insurance Company has no duty to indemnify Moser Enterprises, LLC and/or Joseph Moser in the Underlying Case; and

4. For such further relief as this Court deems proper.

**MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,**

**By counsel,**

/s/ Lee Murray Hall
Lee Murray Hall, Esquire (WVSB #6447)
Sarah A. Walling, Esquire (WVSB #11407)
JENKINS FENSTERMAKER, PLLC
Post Office Box 2688
Huntington, West Virginia 25726-2688
Phone: (304) 523-2100
Fax: (304) 523-2347